Laubie, J.
This case comes into this court on appeal. It is brought on the part of the Village of Kent for the purpose of setting aside certain deeds to five acres of land, establish a lien on the premises and have them sold to satisfy the claims which are sought to be recovered against the defendants, E. D. Dithridge, A. J. Smith and the Glass Company. Without undertaking to recite all the allegations of the petition, many of them being superfluous and entirely immaterial to the rights of the parties, it is sufficient to say that the object of the action upon the part of the Village of Kent is to recover lands and money of this corporation diverted by the agreement of all the parties to an unlawful and illegal use, a large amount of it to the private benefit of the defendants.
The plaintiff alleges that it had in its treasury the sum of $85,000 realized from the sale of certain bonds, and that the money was realized and in the* treasury for the purpose of being devoted to public improvements upon streets and for parks and other purposes; that the fhen officers of the village and E. D. Dithridge entered into an unlawful contract and agreement by which the then officers of the village agreed to convey to Dithridge, or to the corporation to be thereafter formed, certain real estate, and to pay to him, or to the corporation to be formed, the sum of $45,000, which real estate was to be and was purchased with a portion of this fund of $85,000, and the $45,000 was to be paid out of that fund, and was so paid; that this agreement was a devotion of the property and moneys of the corporation to private purposes not authorized by law; that Dithridge, in considera *631 tion of the property and money, was to form a corporation with a capital stock of $150,000 for the manufacture of cut and other glassware; that on the five acres to be conveyed, and which were conveyed, certain buildings were to be erected as a glass factory; that such company was to run the factory regularly, and permanently to employ 250 hands, most of them to be skilled workmen; that the $45,000 were to be paid as the work progressed; that the - general character of the buildings themselves was described and specified in the contract; that subsequently the defendant, A. J. Smith, became united with him in the contract, and entered into a supplement to it, signed, it is true, by Dithridge and himself only, but executed to the municipality, the Village of Kent; and that it was known, understood and agreed, therefore, between the parties that Smith was to unite, and was united, with Dithridge in the performance of the contract, and was to participate in the receipt of the money; that a deed of the premises was made .to a party,the corporation formed,and a deed of the five acres was made to it, and it now holds the legal title, that is the Dithridge and Smith Cut Glass Company; that buildings were erected in accordance with the contract; the $45,000 paid, Smith receiving most of the money, he having the general management of the affairs. He subsequently formed the company that was organized, and expended the money, being in fact the real organizer of the company, and became its president and general manager.
It seems that two other parties, who are not parties to this suit, Atterholt and McDonald, under an agreement with Dithridge, united in by Smith subsequently, were to receive $10,000 of this fund in payment for their efforts in futherance of the project, and in procuring the Village of Kent to enter into this unlawful combination; and $10,000 out of the fund received by Dithridge and Smith were, as the evidence discloses, in fact paid to Atterholt and McDonald; $35,000 *632 of it was invested in the buildings and starting the plant with the proper machinery and appliances. Smith,as I have said, was the one who really organized the company, and he procured the subscription of the stock principally, if not wholly, aside from himself and Dithridge,in and about Wheeling, West Virginia, and to each stockholder the facts of the case were made known — that the company was to receive a bonus of $dE,000, — $10,000 of which was to be paid to Atterholt and McDonald, and the arrangement with the stockholders generally was that they were to receive from the company stock in double the amount of the money they should pay in; in other words, they should subscribe for stock, and one-half of it was to be paid out of this bonus received of the village. That was the contract with the generality of the stockholders. With some of them the percentage was a little less, probably twenty, twenty-five or fifty per cent, of their subscriptions was to be paid out of this fund; so that all the stockholders — and it is not alleged or shown that there has been any change in the personnel of the stockholders — knew and understood the arrangement; that is, knew and understood what the Village of Kent and Dithridge and Smith had agreed to do.
Now,if this were an unlawful diversion of the funds of the AUllage by the officers thereof, then each and all of the stockholders of this corporation, its officers and organizers, had knowledge of it, and attempted to, and did, participate in the benefits of the diversion of the money and property of the municipality; so that we have no case here of bona fide purchasers, or of any one acting in good faith in ignorance of the circumstances. That this was an illegal diversion of money and property of this municipality cannot be doubted,and is not disputed. It had no authority to use the money in its treasury for any such purpose,nor to devote its property to any such purpose. It could neither use the fund in the purchase of the land for the purpose named, *633 nor devote the money to such purpose in any of the ways in which it was done.
Substantially the only claim made by the defendants before us is that the bonds issued by the Village of Kent from which this fund was realized, were illegal, and of such character that they could not be enforced against the Village; that the money, therefore, is the money of those who purchased the bonds, and they only can follow it into the hands of this company, or these defendants— this in the face of the allegation of their answer that 'these bonds were issued legally and lawfully. But we are unable to agree with counsel for the defendants in this contention. We think it has no basis as a defense herein; that whatever the rights of the holders of these bonds may be against the municipality is a question to be decided between them and the municipality and so far as this case is concerned, we are not called upon to decide whether the holders of the bonds can reach this fund and follow it as a fund belonging to them, or whether the Village of Kent is responsible to them generally on the bonds or not. The money was obtained by the municipality, and was in its treasury, and as between these parties there can be no question as to the ownership of the fund by the village. The only question there can be in the case, as we view it, is whether or not the Village of Kent may maintain this action; and we see no reason why it may not. If the former officers of this municipality illegally diverted its funds, appropriated them to purposes not in accordance with law, but in violation of law, we see no reason why the municipality may not at any time recover it, if upon other considerations it is entitled to recover it; and hence we say in this case that the Village of Kent may properly maintain this action, and have a judgment against these parties for the amount of money and property thus illegally diverted.
*634 This leaves for ns only the consideration of what shall be the relief granted. The plaintiff asks for alternative relief in various forms. It asks to have the deed set aside conveying this land from the Village of Kent; but that cannot be done in this case,because we could not place the parties in statu quo, and it would be a conveyance of the buildings to the village. The only thing to be done so far as the glass company is concerned is to ascertain the amount that should be paid by it,in so far as it is responsible by virtue of the action of all its stockholders, and to declare that amount as a lien upon the lands conveyed, including the buildings, machinery and fixtures attached thereto.
Now, the company received $35,000 of this money. $10,-000 was diverted by Dithridge and Smith to the payment of Atterholt and McDonald; but we do not find it was any part of the agreement between the parties, that is so far as the Village of Kent was concerned; but at all events, we think it is entitled to recover against the Glass Company only such amount of this fund as was appropriated to its use, or went into this plant, and that was the sum of $35,000. So far as the $10,000 is concerned, that went to the benefit of Dithridge and Smith. They are defendants here, and without answer, and a judgment is asked against them as well as against the Glass Company. As against Dithridge and Smith there will be a judgment entered for $10,000, with interest upon it from the filing of this petition, and there will be a judgment entered against the Glass Company for $35,000, and one-half of the amount paid by the Village of Kent for this property, that is $3,000, with interest on all from the filing of the petition, and that these amounts be declared to be a lien upon these premises, and if not paid within twenty days from the rising of the court, that an order be issued for a sale of the property. We say $3,000 for the land, because we cannot set aside the deed. $6,000 was paid for the whole of the land, something near fourteen acres. *635 We have no evidence of what the five acres were worth, save the statement of one of the witnesses perhaps that it was the most valuable part of the land. We therefore think it fair to assess one-half of the consideration paid by the village for it, to-wit: the sum of $3,000, and that will be the entry — a decree against the Glass Company for $38,-000, with interest from the filing of the petition, and a decree and judgment also against Dithridge and Smith generally for $10,000, with interest from the filing of the petition.
M. A. Norris and O. S. JRoclaoeU, for plaintiff.
Squire, Sanders & Dempsey, for defendants.